# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Shunovia Sturdivant, ) | Civil Action No. 5:14-cv-02852-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Continental Tire The Americas, LLC and ) | **ORDER AND OPINION** |
| GenCorp, Inc. f/k/a General Tire & Rubber ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Shunovia Sturdivant ("Plaintiff") filed this products liability action against Defendants Continental Tire The Americas, LLC ("CTTA") and GenCorp, Inc. f/k/a General Tire & Rubber Company[1] (collectively "Defendants"), seeking to recover damages for injuries resulting from an accident caused by the alleged failure of a tire manufactured by CTTA. (ECF No. 1 at 1 ¶¶ 7–11.)

This matter is before the court on CTTA's Motion to Strike pursuant to Fed. R. Civ. P. 12(f) ("Rule 12(f) motion") on the basis that Plaintiff did not plead paragraph 21 in the Complaint with the particularity necessary to establish a "substantial need" for trade secret information. (ECF No. 11 at 2.) Plaintiff opposes CTTA's Rule 12(f) motion asserting that paragraph 21 of the Complaint is not the type of allegation that a Rule 12(f) motion is meant to strike from a pleading. (ECF No. 17 at 1.) For the reasons set forth below, the court **DENIES** CTTA's Rule 12(f) motion.

## I.     RELEVANT BACKGROUND TO THE PENDING MOTION

Plaintiff alleges that she was injured on July 19, 2012, when the vehicle she was riding in

---

[1] Plaintiff stipulated to the voluntary dismissal of GenCorp, Inc. f/k/a General Tire & Rubber Company on August 18, 2014.  (See ECF No. 15.)

experienced a tread separation in the left rear tire, causing the vehicle to overturn after the driver lost control. (ECF No. 1 at 2 ¶¶ 7–8.) On July 16, 2014, Plaintiff filed suit against Defendants alleging claims for negligence (Count 1), strict liability (Count 2), and breach of warranty (Count 3). (ECF No. 1 at 3–5.) In regard to the left rear tire that allegedly caused the aforementioned accident, Plaintiff asserted the following in paragraph 21 of the Complaint:

> In order to investigate this claim, the Plaintiff will need access to certain information concerning the design and manufacture of the tires including but not limited to: design specifications with change histories; design evaluations; rubber compound formulae for the tire inner liner and skim coat stock. Some or all of this information may fall subject to a claim of trade secret. Without access to this information, the Plaintiff will be substantially prejudiced in her investigation and proof of defect herein. Plaintiff believes that access to this information will likely lead to admissible evidence at the trial of this case.

(Id. at 5 ¶ 21.)

In response to the allegations in the Complaint, CTTA filed a Rule 12(f) motion on August 13, 2014, asserting that the court should strike paragraph 21 from the Complaint. (ECF Nos. 9, 11.) Plaintiff filed opposition to CTTA's Rule 12(f) motion on September 2, 2014, to which CTTA filed a Reply in Support of Motion to Strike on September 11, 2014. (ECF Nos. 17, 23.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     <u>Motions to Strike</u>

Fed. R. Civ. P. 12(f) allows a court, acting either on its own or on a motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2]  Id.  Generally, such motions "are only granted when the challenged allegations 'have

---

[2] "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." CTH 1 Caregiver v. Owens, C/A No. 8:11-2215-TMC, 2012 WL 2572044, at *5 (D.S.C. July 2, 2012) (citation omitted). "'Scandalous' includes allegations that cast a cruelly derogatory light on a party to other persons." Id. (Citation

no possible relation or logical connection to the subject matter of the controversy' or 'cause some form of significant prejudice to one or more of the parties to the action.'" Moore v. Novo Nordisk, Inc., C/A No. 1:10-2182-MBS-JRM, 2011 WL 1085650, at *8 (D.S.C. Feb. 10, 2011) (citations omitted).  "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993); see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'") (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)).  Moreover, "where there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." United States v. Fairchild Indus., Inc., 766 F. Supp. 405 (D. Md. 1991).

A Rule 12(f) motion falls within the discretion of the district court. Palmetto Pharm. LLC v. Astrazeneca Pharm. LP, No. 2:11-cv-00807-SB-JDA, 2012 WL 6025756, at *4 (D.S.C. Nov. 6, 2012) (citation omitted); Xerox Corp. v. ImaTek, Inc., 220 F.R.D. 241, 243 (D. Md. 2003).  "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" Piontek v. Serv. Ctrs. Corp., Civil No. PJM 10-1202, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010) (citation omitted).

B.     The Parties' Arguments

   *1. CTTA*

CTTA moves to strike paragraph 21 from the Complaint because it states Plaintiff's

---

omitted).  "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." Id. (Citation omitted).

3

request for trade secret information such as "design specifications with change histories; design evaluations; rubber compound formulae for the tire inner liner and skim coat stock." (ECF No. 11 at 1 (citing Laffitte v. Bridgestone Corp., 674 S.E.2d 154, 158 (S.C. 2009) (noting an affidavit describing the skim stock formula as "one of Bridgestone/Firestone's most valuable assets and most closely guarded secrets" and holding that skim stock formula was not subject to discovery)).) CTTA argues that Plaintiff is not entitled to such trade secret information because the allegations in paragraph 21 of the Complaint do not contain the specificity required by federal law and § 39-8-60 (2014) of the South Carolina Trade Secrets Act ("SCTSA"), S.C. Code Ann. §§ 39-8-10 to -130 (2014). (Id. at 2.) Specifically, CTTA argues that Plaintiff's allegations are conclusory and do not satisfy Fed. R. Civ. P. 8(a)'s pleading requirements of "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 23 at 1.) CTTA further argues that S.C. Code Ann. § 39-8-60(B) requires proof of "substantial need" to discover trade secret information and Plaintiff fails to make this showing because she cannot demonstrate that "(1) the allegations in the initial pleading setting forth the factual predicate for or against liability have been plead with particularity; and (2) the information sought is directly relevant to the allegations plead with particularity in the initial pleading." (ECF No. 11 at 2 (citing S.C. Code Ann. § 39-8-60(B) (2014)).) As a result, CTTA asserts that its Rule 12(f) motion should be granted because "there is no basis upon which the Court may determine that Plaintiff has a substantial need – or any need at all – for the trade secret information." (Id. at 3.)

   *2. Plaintiff*

Plaintiff opposes the Motion to Strike asserting that the language in paragraph 21 is required by the "statutory and common law of South Carolina." (ECF No. 17 at 2 (citing S.C. Code Ann. § 39-8-60 (2014); Laffitte, 674 S.E.2d at 161–63).) Moreover, Plaintiff argues that in

4

order to show "substantial need," she is required in the initial pleading to (1) set forth factual predicates for liability and (2) show how the information sought is relevant to the allegations. (Id. at 3 (citing S.C. Code Ann. § 39-8-60(B)(1) & (2)).)  Plaintiff argues that she has "met her burden of making material, specific, and particular allegations concerning the need for trade secret information" if the court considers all the paragraphs of the Complaint and not just paragraph 21.  (Id. at 4 (referencing ECF No. 1 at 3 ¶ 14[3]).)  Therefore, Plaintiff asks the court to deny the Rule 12(f) motion because "the allegations contained in paragraph twenty-one (and all other paragraphs) are not redundant, immaterial, impertinent, or scandalous."  (Id. at 5.)

C.    The Court's Review

In its submissions, CTTA argues that the SCTSA as explained by the South Carolina Supreme Court in Laffitte requires the court to grant its Rule 12(f) motion.  Upon review, the court does not agree that it should strike paragraph 21 from the Complaint.

The court reject's CTTA's position because this district court has previously determined that the SCTSA is inapplicable in a products liability action since it "is not based on

---

[3] Plaintiff alleges the following in paragraph 14 of the Complaint:

> The Plaintiff is informed and believes the Defendants were negligent, willful, wanton, careless, reckless and grossly negligent in the following particulars: a) In manufacturing and designing the subject tire such that it lacked an adequate margin of safety to prevent tread separation during the service life of the tire; b) In failing to use nylon overlay or cap ply in the construction of the tire to reduce the propensity for tread belt separation; c) In failing to use a skim rubber compound sufficiently designed and tested to prevent separation of the steel belt package and to resist degradation from oxygen and ozone; d) In failing to use proper manufacturing and quality control techniques at its plant to ensure their tires meet applicable manufacturing standards; e) In failing to warn of the dangers associated with tire aging and in failing to instruct owners of its products on the proper method to determine the age of a tire; and f) In failing to inform tire dealers and tire service technicians of the dangers associated with tire aging.

(ECF No. 1 at 3 ¶ 14.)

misappropriation of a trade secret or protection against such a misappropriation." Griego v. Ford Motor Co., 19 F. Supp. 2d 531, 533 (D.S.C. 1998) ("By its own language, the South Carolina Trade Secrets Act does not apply to any action that is not based on misappropriation of a trade secret or protection against such a misappropriation. Here, the underlying action is one in tort and products liability. Therefore, the Act does not apply in this case.") (citing S.C. Code Ann. § 39-8-110(c) (Supp. 1997)).[4]  The court further rejects CTTA's position because paragraph 21 of the Complaint does not contain "redundant, immaterial, impertinent, or scandalous matter."  In this regard, the court does not find that the allegations in paragraph 21 of the Complaint are unworthy of consideration and prejudicial to CTTA.  See, e.g., Brock v. Bowman, C/A No. 3:10-2821-MGL, 2013 WL 5569995, at *8 (D.S.C. Oct. 9, 2013) ("Here, Plaintiff fails to demonstrate that the defenses sought to be stricken are so unrelated to Plaintiff's claims as to be unworthy of any consideration or prejudicial to Plaintiff if they remain in Defendant's Answer to Plaintiff's Amended Complaint.").  Finally, as to CTTA's Fed. R. Civ. P. 8 argument, the court finds that the allegations in paragraph 21, taken in the context of the entirety of the Complaint, are sufficient to satisfy Iqbal's plausibility standard.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### III.   CONCLUSION

For the reasons set forth above, the court **DENIES** Defendant Continental Tire The Americas, LLC's Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

---

[4] In Laffitte, the South Carolina Supreme Court referenced Griego in a footnote observing that "[w]e decline to adopt the reasoning set forth in Griego and note that a federal court decision interpreting state law is not binding on this Court." Laffitte, 674 S.E.2d at 162 n.9 (citing Blyth v. Marcus, 517 S.E.2d 433 (S.C. 1999)).

6

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 21, 2015
Columbia, South Carolina